**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH DORSEY, | ) | CASE NO. 3:21-cv-1146 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| BUD HITE, Director, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Joseph Dorsey ("Dorsey" or "petitioner") filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. As grounds for relief in this petition, Dorsey asserts: (1) his sentence was arbitrary; (2) he was denied a speedy trial under Ohio Revised Code §§ 2945.71 and 2945.72; (3) the charges brought against him were not within the jurisdiction of the common pleas court; and (4) his sentence was in violation of the Fifth Amendment self-incrimination clause and the Eighth Amendment excessive bail prohibition. Dorsey seeks reversal of his conviction on speedy trial grounds, dismissal of the charges, and monetary compensation.

## I.      Background

Dorsey was originally charged in the Toledo Municipal Court and later indicted by a Lucas County grand jury on August 10, 2020. The charges in the municipal court were dropped. The case was originally set for trial on September 22, 2020, but the trial was continued nine times, on Dorsey's motions, before being held on March 9, 2021. Dorsey remained in jail, unable to post bond.

On March 9, 2021, Dorsey changed his plea to guilty on the charges of attempt to commit grand theft of a motor vehicle and unauthorized use of a vehicle. The state and defense counsel waived a preliminary sentence investigation. The court sentenced Dorsey on the same day to six months in the Lucas County Correctional Treatment Facility ("CTF"), ninety days of electronic monitoring, and four years of community control supervision.

Dorsey filed his notice of appeal almost three months later on May 24, 2021. He filed a post-conviction petition in the trial court on May 19, 2021 and received a hearing on his petition on May 20, 2021. Without waiting for the results of either of those proceedings, Dorsey filed this federal habeas petition on June 7, 2021. He signed the petition and delivered it to the prison mail system on June 2, 2021.

Dorsey asserts four grounds for relief in this petition:

GROUND ONE:  The sentence and plea entered on March 9, 2021 is arbitrary causing prejudice to the Petitioner.

GROUND TWO:  Petitioner was not brought to trial within the time required by [Ohio Rev. Code §§] 2945.71–2945.72.

GROUND THREE:  The charges stated in the indictment is [sic] not within [the] jurisdiction of the court. The indictment was not of a grand jury.

GROUND FOUR:  The sentence imposed March 9, 2021 is disproportionate and violates the 5th and 8th Amendment[s] of the US Constitution.

(Doc. No. 1, Petition, *passim*.)

With respect to his first ground, Dorsey claims his plea was extracted due to his continued incarceration as a result of excessive bail, which he could not post. Dorsey further contends he was held to be a witness against himself. With respect to his second ground for relief, Dorsey states that, under Ohio Revised Code §§ 2945.71–2945.72, he was required to be tried on or before

October 30, 2020. To support his third ground, Dorsey contends that his indictment on August 10, 2020 was not a genuine return of the grand jury because the Toledo Municipal Court had already exercised jurisdiction over him for the actions related to the charges. Dorsey contends the indictment in Common Pleas Court is fraudulent. Finally, in support of his fourth ground, Dorsey claims he was deprived of liberty without a warrant and was held in jail because he could not post bond.

## II. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). To be properly exhausted, the state courts must be given the opportunity to see both the factual and legal basis for each claim. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Moreover, the claim must be presented to the state courts under the same legal theory on which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot

rest on a legal theory that is separate and distinct from the one previously considered and rejected in state court. *Id*.

The doctrine of procedural default also limits access to federal court review of the merits of a constitutional claim. *Daniels v. United States*, 532 U.S. 374, 381, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001). Although procedural default is sometimes confused with exhaustion, they are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies where state remedies are still available at the time of the federal petition. *Id*. (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982)). In contrast, where state court remedies are no longer available, procedural default, rather than exhaustion, applies. *Williams*, 460 F.3d at 806.

Procedural default may occur in two ways. First, a petitioner procedurally defaults a claim if he attempts to raise the claim in state court but fails to comply with state procedural rules and the state court dismisses the claim on that ground rather than on the merits of the claim. *Id*. Second, a petitioner also may procedurally default a claim by failing to raise that claim in state court and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."); *see also State v. Moreland*, 552 N.E. 2d 894, 899 (Ohio 1990) (failure to present a claim to a state court of appeals constitutes a waiver). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted. *Williams*, 460 F.3d at 806. While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the

4

petitioner, failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review.  *Williams*, 460 F.3d at 806.

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (*i.e.*, exhausted) or because they were not properly presented to the state courts (*i.e.*, were procedurally defaulted), are generally not cognizable on federal habeas review.

## III.    Analysis

Dorsey admits he did not present each of his grounds for relief to the highest court in the state. This Court, therefore, must determine whether Dorsey's claims are unexhausted or procedurally defaulted. If the claims are unexhausted, the Court will dismiss the petition without prejudice so that petitioner can return to state court to pursue exhaustion of his state court remedies. If, however, the Court determines that the claims are procedurally defaulted, the Court will dismiss the petition with prejudice unless the petitioner can demonstrate cause for the default and actual prejudice.

Dorsey contends his claims should be considered exhausted because the state courts are not responding to his filings. Petitioner, however, did not give the state courts an opportunity to respond before he filed this action. He was convicted and sentenced on March 9, 2021. He filed his post-conviction petition on May 19, 2021 and received a hearing on it on May 20, 2021. He did not wait for the results of that hearing to be issued. Instead, on June 2, 2021, Dorsey signed this federal habeas petition and submitted it to the prison to be mailed to this Court. Similarly, he filed his direct appeal on May 24, 2021 and filed this federal habeas petition nine days later while that appeal was still pending. The claims asserted in the petition are unexhausted.

**IV.**   **Conclusion**

For all the foregoing reasons, Dorsey's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: October 27, 2021

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**